# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No.: 2:20-cv-08645-TJH-SP |
| Plaintiff, | **ORDER ALLOWING ISSUANCE OF SUBPOENA ON ISP AND FOR ENTRY OF A PROTECTIVE ORDER** |
| vs. | |
| JOHN DOE subscriber assigned IP address 71.93.104.47, | |
| Defendant. | |

**THIS MATTER** was opened to the Court by Lincoln D. Bandlow, Esq., on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), and by Steven Vondran, Esq., on behalf of Defendant John Doe subscriber assigned IP address 71.93.104.47 ("Doe"), as a joint stipulation for the entry of a consent protective order pursuant to Fed. R. Civ. P. 26(c); and the parties agreeing that Plaintiff may issue a subpoena on the Internet service provider Cox Communications ("ISP") to produce Doe's true name and address associated with the account assigned IP address 71.93.104.47 pursuant to Fed. R. Civ. P. 26(d)(1); the Court having considered the parties' written submissions in connection with the request pursuant to Federal Rule of Civil Procedure 78, and for good cause shown:

1

**IT IS** on this 21st day of October, 2020,

    1.    **ORDERED** that Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of Doe to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

    2.    **IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants;

    3.    **IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to Doe;

    4.    **IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain the caption of this matter as "Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 71.93.104.47" through all stages of the proceeding;

    5.    **IT IS FURTHER ORDERED** that Plaintiff shall not publicly disclose to any third party any information identifying the Defendant and/or any

person associated with the defendant, tenants, guests, members of their household, including but not limited to disclosing or divulging any alleged social media or other evidence of any alleged BitTorrent activity, absent express permission by this Court;

6. **IT IS FURTHER ORDERED** that all documents identifying the Defendant and/or any person associated with the Defendant, including alleged social media and other evidence of alleged BitTorrent activity, shall only be filed on the public docket in redacted form (ensuring that known personally identifiable information is not disclosed), with unredacted versions filed under temporary seal;

7. **IT IS FURTHER ORDERED** to the extent any party in this action needs to file any pleadings or documents in this matter that contain Defendant's name or other identifying information, such pleadings or documents are to be filed first on the public docket with such name or other identifying information redacted and then an unredacted version of any such pleading or document is to be filed under seal;

8. **IT IS FURTHER ORDERED** that any information Plaintiff receives from the ISP shall only be used for the purpose of protecting its rights as set forth in the Complaint and any Amended Complaint.

HON. SHERI PYM
MAGISTRATE JUDGE